The STATE of Ohio, Appellee,

v.

VLAHOPOULOS, Appellant.

[Cite as *State v. Vlahopoulos,* 154 Ohio App.3d 450, 2003-Ohio-5070.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 82035.

Decided Sept. 25, 2003.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Rebecca J. Maleckar, Assistant Prosecuting Attorney, for appellee.

Milano & Co., Jay Milano, Stacey Boland Ganor and Rachel May Weiser, for appellant.

———

MICHAEL J. CORRIGAN, Presiding Judge.

{¶ 1} This is the third appeal involving defendant Steve Vlahopoulos and his sentences for three counts of rape, which included what are known as "life tails"—indeterminate sentences with a maximum term of life in prison. In Vlahopoulos's last appeal, we found that the court erroneously sentenced Vlahopoulos to three nine-year sentences, to be served consecutively. See *State v. Vlahopoulos*, Cuyahoga App. No. 80427, 2002-Ohio-3244, 2002 WL 1396862. On remand, the court sentenced Vlahopoulos to nine years to life on the rape counts, with those counts to be served consecutively. Vlahopoulos argues that these terms amounted to a sentence of life without parole and otherwise violated the spirit and function of Ohio's criminal sentencing statutes. It should be noted that Vlahopoulos does not contest the procedural aspects of the court's decision to impose consecutive sentences.

{¶ 2} Being 49 years old at the time of this appeal, Vlahopoulos argues that the consecutive terms with a life tail amount to a sentence of life without the possibility of parole. He maintains that the Revised Code permits a court to sentence an offender to life in prison without the possibility of parole under only four circumstances, none of which applies to his offenses.

{¶ 3} The flaw with Vlahopoulos's argument is that he neglects to consider that he was sentenced to an indefinite term of incarceration. While it may be that were he denied parole on any of the individual offenses it would amount to a life sentence, the fact remains that he is eligible for release on the nine-year minimum sentences. Since it is far from certain that he will remain in prison for

the rest of his natural days, we cannot say that the sentence amounted to a term of life without parole.

{¶ 4} Vlahopoulos also argues that his sentences impose an unnecessary burden on the state's resources in violation of R.C. 2929.13(A).

{¶ 5} R.C. 2929.13(A) states that a sentence "shall not impose an unnecessary burden on state or local governmental resources." Just what constitutes a "burden" on state resources is undefined by the statute, but the plain language suggests that the costs, both economic and societal, should not outweigh the benefit that the people of the state derive from an offender's incarceration. Some have argued that in cases where the multiple life tails might be involved, incarceration of aged offenders who require the kind of nursing care needed by elderly people might place a burden on the state's resources. Of course this is true, but it is only one type of cost associated with incarceration. The court must also consider the benefit to society in assuring that an offender will not be free to reoffend. Many people sleep better at night knowing that certain offenders are incarcerated. They would no doubt consider a lengthy incarceration worth the cost of housing those offenders.

{¶ 6} The court noted that Vlahopoulos had previously sexually assaulted his own child. The offenses at issue here involved sexual assaults on Vlahopoulos's nieces. The court concluded that Vlahopoulos posed a severe risk of reoffending if not incarcerated for a lengthy period of time. His incarceration, even if for double terms of life in prison, does not constitute a burden to the state's resources, given his demonstrated predilection to commit sexually oriented offenses. In short, Vlahopoulos is the kind of offender the public wants locked away. The court did not err in its sentencing.

Judgment affirmed.

GALLAGHER, J., concurs separately.

TIMOTHY E. McMONAGLE, J., concurs in judgment only.

SEAN C. GALLAGHER, Judge, concurring.

{¶ 7} I concur with the judgment and analysis of the majority but write separately to address the basis of the indefinite sentence that results in appellant's claim that he received what amounts to a life sentence without parole where the sentence is not authorized by statute.

{¶ 8} In what can be described as a unique and creative appeal, Vlahopoulos argues that the trial court erred by imposing three consecutive modifiable life sentences and that the sentence created a de facto life sentence without the possibility of parole not authorized by law. Further, Vlahopoulos claims that, due

to his age, the sentence imposes an unnecessary burden on state or local governmental resources contrary to R.C. 2929.13(A). The origin of these claims is Vlahopoulos's successful appeal finding that the trial court failed to comply with the mandatory sentencing obligations of R.C. 2971.03, addressed by this court in *State v. Vlahopoulos*, Cuyahoga App. No. 80427, 2002-Ohio-3244, 2002 WL 1396862.

{¶ 9} In that appeal, this court affirmed the imposition of consecutive sentences and found that the overall sentence was not disproportionate to the seriousness of the crimes committed. The case was remanded because Vlahopoulos correctly raised the issue that the original sentence did not provide for an indefinite prison term consisting of a minimum fixed term and a maximum term of life imprisonment as required under R.C. 2971.03(A)(3).[1] On remand, the trial court sentenced appellant to nine years to life on each of three rape counts, and seven years on each of two counts of corrupting another with drugs. The sentences were again ordered to be served consecutively for a total sentence of 41 years to life.

{¶ 10} Vlahopoulos provides no case law in support of his arguments. It is clear that by setting a definite minimum term along with a maximum term of life imprisonment, the trial court followed the instructions given by this court and complied with the mandate of R.C. 2971.03(A)(3). Thus, the trial court properly imposed an indefinite prison term.

{¶ 11} I agree with the majority that this sentence does not amount, in a legal context, to a term of life without parole. While it is indeed probable that Vlahopoulos, due to his age, will not be released in his natural lifetime, the indefinite term imposed is statutorily mandated and does not legally eliminate, however remote, the possibility of parole. The legislature declined to carve out a specific exception for older offenders to the imposition of indefinite terms under R.C. 2971.03(A)(3), and we likewise decline to do so here.

{¶ 12} The overriding purposes of felony sentencing are clearly "to protect the public from future crime by the offender and * * * to punish the offender. * * *" R.C. 2929.11(A). Under the facts of this case, those purposes were met, and the requirement of an indefinite term under R.C. 2971.03(A)(3) was properly imposed. A statutorily mandated sentence can never be an unnecessary burden on state or local government resources.

---

1. R.C. 2971.03 governs sentencing of sexually violent offenders. Subsection (A)(3) provides that "if the offense is an offense other than aggravated murder, murder, or an offense for which a term of life imprisonment may be imposed, [the court] shall impose an indefinite prison term consisting of a minimum term fixed by the court from among the range of terms available as a definite term for the offense, but not less than two years, and a maximum term of life imprisonment."