OPINION
{¶ 1} Defendant-appellant Terry Wolfe appeals from his two concurrent sentences of ten months, which were entered in the Columbiana County Common Pleas Court after a jury found him guilty of receiving stolen property and having weapons while under disability. The sole issue is whether the sentences were appropriate; most specifically, whether they imposed an unnecessary burden on state resources. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} In October 2002, appellant was indicted for receiving stolen property (guns), in violation of R.C. 2913.51(A), a fourth degree felony. He was also indicted for having weapons while under a disability due to a 1983 drug trafficking conviction, in violation of R.C. 2923.13(A), a fifth degree felony. The guns recovered from appellant had been stolen from a residence along with more than twenty other guns, knives, and cash. On May 15, 2003, a jury found appellant guilty on both counts. A pre-sentence investigation report was prepared.
 {¶ 3} The court conducted the sentencing hearing on July 18, 2003. The court had to choose a definite sentence in the statutory range of six to eighteen months for the fourth degree felony and a definite sentence in the statutory range of six to twelve months for the fifth degree felony. R.C. 2929.14(A)(4) and (5). The state asked for twelve months on each count to run concurrently. The defense prayed for probation but recognized that appellant was "not the best candidate" for it so alternatively sought a minimum sentence. (Tr. 5-6).
 {¶ 4} The court sentenced appellant to ten months on each count to run concurrently. The court's sentencing entry was journalized on July 23, 2003. Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 5} Appellant's sole assignment of error contends:
 {¶ 6} "The imposition of a prison sentence in this case imposes an unnecessary burden on state resources."
 {¶ 7} In support of this claimed error, appellant first cites the overriding purposes of felony sentencing, i.e. to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A). He notes that the sentence should be commensurate and not demeaning to the seriousness of the offense and consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.11(B). He quotes R.C.2929.13(A), which provides that a sentence "shall not impose an unnecessary burden on state or local governmental resources."
 {¶ 8} Appellant then states that he was not the mastermind in an offense where he had three co-defendants, one of whom was his step-son. He claims that he posed no risk of violence. He also argues that the victim suffered little or no economic loss because the guns he possessed were recovered. (Most of the property taken in the burglary, with which he was not charged, was never recovered.) He notes that he is forty-nine years old, and although he served prior prison time, this ended years ago in 1988. He concludes that we should reverse and remand for resentencing under R.C. 2953.08 because the ten-month sentences were not supported by clear and convincing evidence or were contrary to law.
 {¶ 9} At the sentencing hearing, the court stated that appellant served prior prison time. (Tr. 7). See R.C.2929.13(B)(1)(g) (considerations in sentencing for a fourth or fifth degree felony and in denying community control). The court noted that it had to protect the public and punish appellant in a way that has a logical relationship to the crime. See R.C.2929.11(A) (purposes of sentencing) and R.C. 2929.13 (B)(2)(a) (consideration in denying community control). The court found that appellant had a propensity to commit crimes. The court stated that it weighed the seriousness and recidivism factors and found that due to appellant's extensive criminal record, he was not amenable to community control. See R.C. 2929.12 (seriousness and recidivism factors) and R.C. 2929.13(B)(2)(a) (consideration in denying community control). As such, the court made the proper findings with reasons for refusing to grant community control and instead ordering prison time. See R.C. 2929.13(B)(2)(a) and R.C.2929.19(B)(2)(a). Pursuant to R.C. 2953.08(A)(2), if the court found at sentencing for a fourth or fifth degree felony that one of the R.C. 2929.13(B)(2) factors applied, then the defendant is not entitled under such division to appeal as a matter of right his sentence.
 {¶ 10} Thus, we move to the appeal of right provided by R.C.2953.08(A)(4), on the grounds that the sentence is contrary to law. In analyzing this argument, we first note that because appellant served prior prison time, the court was not required to make the findings for deviating from a minimum sentence; that is, a minimum sentence would demean the seriousness of the offender's conduct or would not adequately protect the public. R.C.2929.14(B).
 {¶ 11} We now turn to the statutory admonishment that the appellate court's standard of review is not whether the sentencing court abused its discretion. Rather, we must find by clear and convincing evidence that that record does not support the court's findings under R.C. 2929.13(B) or that the sentence is contrary to law. R.C. 2953.08(G)(2)(a) and (b).
 {¶ 12} We reviewed the findings made under R.C. 2929.13(B) as to why the court refused to impose community control in this case. The record supports the trial court's conclusion that he is not amenable to community control based upon his long criminal history. Specifically, the presentence investigation establishes a traffic record that includes a conviction for driving under FRA suspension, a conviction for reckless operation, and two convictions for driving without a license. As for more serious crimes, appellant was sentenced to thirty days for a 1974 criminal trespass conviction, six months for a 1974 larceny conviction, sixty days for a 1975 possession of marijuana conviction, five to fifteen years for two 1975 burglary convictions, two to ten years for a 1983 aggravated trafficking in LSD conviction, eighteen months for 1987 grand theft and receiving stolen property convictions, and one hundred eighty days for a 2001 domestic violence conviction. Even if his last prison stay ended in 1988, reoffending now shows he did not learn any lessons from his past.
 {¶ 13} This leaves us to evaluate appellant's argument that ten months on each crime to run concurrently is a sentence that imposes an unnecessary burden on the state's resources under R.C.2929.13(A). The Third District found that a sentence of eight months for fifth degree felony passing a bad $532 check was not an unnecessary burden on state resources where the defendant served a prior prison term and had multiple prior criminal convictions. State v. Mitchell (Mar. 28, 2002), 3d Dist. No. 3-01-20. In disposing of similar claims, most courts quote the following passage from State v. Ober (Oct. 10, 1997), 2d Dist. No. 97CA0019:
 {¶ 14} "Ober is correct that the `sentence shall not impose an unnecessary burden on state or local government resources.' R.C. 2929.13(A). According to criminal law experts, this resource principle `impacts on the application of the presumptions also contained in this section and upon the exercise of discretion.' Griffin and Katz, Ohio Felony Sentencing Law (1996-97), 62. Courts may consider whether a criminal sanction would unduly burden resources when deciding whether a second degree felony offender has overcome the presumption in favor of imprisonment because the resource principle is consistent with the overriding purposes and principles of felony sentencing set forth in R.C.2929.11. Id.
 {¶ 15} "Although resource burdens may be a relevant sentencing criterion, R.C. 2929.13[A] does not require trial courts to elevate resource conservation above the seriousness and recidivism factors. Imposing a community control sanction on Ober may have saved state and local government funds; however, this factor alone would not usually overcome the presumption in favor of imprisonment." Id. See, also, State v. Stewart (Mar. 4, 1999), 8th Dist. No. 74691; State v. Brooks (Aug. 18, 1998), 10th Dist. No. 97APA-11-1543.
 {¶ 16} We also note the following passage from State v.Vlahopoulos, 154 Ohio App.3d 450, 2003-Ohio-5070, ¶ 5:
 {¶ 17} "R.C. 2929.13(A) states that a sentence `shall not impose an unnecessary burden on state or local governmental resources.' Just what constitutes a `burden' on state resources is undefined by the statute, but the plain language suggests that the costs, both economic and societal, should not outweigh the benefit that the people of the state derive from an offender's incarceration. Some have argued that in cases where the multiple life tails might be involved, incarceration of aged offenders who require the kind of nursing care needed by elderly people might place a burden on the state's resources. Of course this is true, but it is only one type of cost associated with incarceration. The court must also consider the benefit to society in assuring that an offender will not be free to reoffend. Many people sleep better at night knowing that certain offenders are incarcerated. They would no doubt consider a lengthy incarceration worth the cost of housing those offenders."
 {¶ 18} Ten months in prison for receiving stolen property and having weapons while under disability from a prior drug trafficking conviction is not a term that is clearly and convincingly contrary to law or unsupported by the record. Further, we do not agree that a ten-month sentence under the circumstances herein imposes an unnecessary burden on state resources, especially where the defendant has an extensive criminal past and previously spent time in prison. Hence, this assignment is without merit.
 {¶ 19} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs.