JOURNAL ENTRY AND OPINION
{¶ 1} Steve Vlahopoulos has filed an application for reopening pursuant to App.R. 26(B). Vlahopoulos is attempting to reopen the appellate judgment that was rendered by this court inState v. Vlahopoulos, Cuyahoga App. No. 82035, 2003-Ohio-5070, which affirmed the sentences of incarceration as imposed with regard to his conviction for three counts of rape. For the following reasons, we decline to reopen Vlahopoulos' appeal.
 {¶ 2} App.R. 26(B)(2)(b) provides that Vlahopoulos must establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment" which is subject to reopening. See, also, State v. Cooey, 73 Ohio St.3d 411, 1995-Ohio-328,653 N.E.2d 252; State v. Reddick, 72 Ohio St.3d 88, 1995-Ohio-249,647 N.E.2d 784. Herein, Vlahopoulos is attempting to reopen the appellate judgment that was journalized on October 6, 2003. The application for reopening was not filed until March 24, 2005, more than ninety days after journalization of the appellate judgement which affirmed Vlahopoulos' conviction. Vlahopoulos has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481;State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v.Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995),72 Ohio St.3d 317. Thus, Vlahopoulos' application for reopening is fatally defective and must be denied.
 {¶ 3} A substantive review of Vlahopoulos' application for reopening fails to support the claim of ineffective assistance of appellate counsel. It is well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id; State v. Grimm, 73 Ohio St.3d 413,1995-Ohio-24, 653 N.E.2d 253; State v. Campbell,69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339. Vlahopoulos must establish the prejudice which results from the claimed deficient performance of appellate counsel. Vlahopoulos must also demonstrate that but for the deficient performance of appellate counsel, the result of his appeal would have been different. State v. Reed,74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Therefore, in order for this court to grant an application for reopening, Vlahopoulos must establish that "there is a genuine issue as to whether the applicant was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).
"In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two-prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal."
State v. Spivey, 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, at 25.
 {¶ 4} In the case sub judice, Vlahopoulos argues that his appellate counsel was deficient on appeal as a result of failing to argue that the sentences of incarceration, as imposed by the trial court, were "contrary to the procedures relevant to maximum sentencing under Blakely v. Washington [(2004), ___ U.S. ___,124 S.Ct. 2531, 159 L.Ed.2d 403]." Initially, we find that Vlahopoulos' argument in support of the claim of ineffective assistance of appellate counsel must fail since Blakely was announced after this court affirmed the sentences of incarceration imposed in State v. Vlahopoulos, supra. Appellate counsel cannot be required to anticipate future changes in the law and argue such potential changes on appeal. State v.Williams (1991), 74 Ohio App.3d 686, 600 N.E.2d 298. In addition, this court, in State v. Lett, Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665, established the following: (1) the imposition of maximum sentences, under the statutory provisions of R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d), do not violate the Sixth Amendment to the United States Constitution as construed in Blakely and States v. Booker (2005), ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621; and (2) the imposition of consecutive sentences, under the statutory provisions of R.C.2929.14(E)9(4) and R.C. 2929.19(B)(2)(c), do not violate theSixth Amendment as construed by the United States Supreme Court in Blakely and Booker.[1] Thus, appellate counsel was not ineffective upon appeal as a result of failing to argue sentencing errors based upon the holdings contained in Blakely
and Booker.
 {¶ 5} Accordingly, this application for reopening is denied.
Calabrese, Jr., J., concurs, McMonagle, J., concurs.
[1] Although this writer dissented from the majority position in State v. Lett, I am nevertheless bound by the majority decision in that case pursuant to this court's en banc policy. (See dissent in State v. Lett).