OPINION *Page 2 
{¶ 1} Defendant-appellant Joseph Hines appeals from a sentence imposed by the Ashland County Court of Common Pleas which reserved an eleven month prison sentence if appellant violated community control.
 {¶ 2} Appellant was indicted on February 22, 2005 for violation of R.C. 2919.21(A)(2), a felony of the fifth degree, for nonsupport of a minor child (Courtney Hines, DOB: 4-18-85) from August 1, 2000 to April 15, 2003.
 {¶ 3} Appellant pled guilty and on September 9, 2005, the trial court sentenced appellant to five years of community control and community control sanctions, including a term of 180 days in the Ashland County Jail, and successful completion of a residential substance abuse program. The trial court reserved a prison term of eleven months if appellant should violate the terms of his community control sanctions. Appellant appealed his sentence. This Court in State v. Hines, Ashland App. No. 2005-COA-046, 2006-Ohio-4053 remanded the case for further proceedings consistent with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 4} A resentencing hearing was held on April 23, 2007. The trial court reviewed the pre-sentence investigation from the prior sentencing. Appellant had several prior misdemeanor convictions and a felony conviction related to substance abuse from 1994 to 2001. Further, appellant had substantial arrearages in child support, although it was noted at the time of the resentencing the dependent child was twenty-two years old. Appellant was unemployed but receiving social security disability benefits from which child support arrearages were taken. The trial court sentenced *Page 3 
appellant to community control but warned that if he violated any of the terms he could serve eleven months in prison.
 {¶ 5} Appellant appealed raising a single Assignment of Error:
 {¶ 6} "I. THE RESERVATION OF A PRISON SENTENCE FIVE MONTHS LONGER THAN THE MINIMUM SENTENCE FOR A POSSIBLE FUTURE VIOLATION OF COMMUNITY CONTROL SANCTIONS WOULD IMPOSE AN UNNECESSARY BURDEN ON STATE RESOURCES."
 {¶ 7} In his sole assignment of error, appellant contends the reservation of an eleven month sentence is an unnecessary burden on state resources. We disagree.
 {¶ 8} R.C. 2929.13(A) provides that a felony "sentence shall not impose an unnecessary burden on state or local government resources."
 {¶ 9} "Just what constitutes a `burden' on state resources is undefined by the statute, but the plain language suggests that the costs, both economic and societal, should not outweigh the benefit that the people of the state derive from an offender's incarceration."State v. Vlahopoulos, 154 Ohio App.3d 450, 2003-Ohio-5070, at ¶ 5.
 {¶ 10} We find the trial court's imposition of community control with a reserved jail term for a violation of that sanction was appropriate in this matter, and does not impose an unnecessary burden on state or local resources. The record reveals that appellant had several criminal convictions. He had substantial arrearages in child support. Further, the sentence was speculative. Appellant needed to follow the conditions of his community control and he would not have to serve the eleven months. Although appellant is legally blind and receiving social security disability benefits which may be terminated if he is incarcerated, it cannot be said that the burden of *Page 4 
imprisonment on the public is outweighed by benefit to society in assuring appellant does not reoffend.
 {¶ 11} The trial court did not abuse its discretion or burden state resources by sentencing appellant to community control with eleven months prison time reserved for a violation of conditions of that sanction.
 {¶ 12} For the foregoing reasons, appellant's single assignment of error is overruled. The decision of the Ashland County Common Pleas Court is affirmed.
 Delaney, J. Farmer, P.J. and Wise, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1