[Cite as *State v. Glenn*, 2011-Ohio-2628.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-49 |
| | ) | |
| MICKELE GLENN, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 2009CR666

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellee

Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant

Attorney John D. Falgiani, Jr.
8256 E. Market St.
P. O. Box 8533
Warren, Ohio 44484

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: May 26, 2011

DONOFRIO, J.

{¶1} Defendant-appellant, Mickele Glenn, appeals from a Mahoning County Common Pleas Court judgment convicting him of having weapons under disability, following his guilty plea, and the resulting sentence.

{¶2} On July 9, 2009, a Mahoning County grand jury indicted appellant on one count of having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(3)(B), and one count of aggravated assault, a fourth-degree felony in violation of R.C. 2903.12(A)(2)(B) with an accompanying firearm specification. Appellant initially entered a not guilty plea.

{¶3} Appellant subsequently reached a plea agreement with plaintiff-appellee, the State of Ohio. Pursuant to the terms of the agreement, appellant entered a guilty plea to having weapons under disability. Correspondingly, the state dismissed the aggravated assault charge and the firearm specification. Additionally, the state agreed to make no recommendation as to appellant's sentence.

{¶4} The trial court later sentenced appellant to three years in prison.

{¶5} This court granted appellant leave to file a delayed appeal, which he did on April 14, 2010.

{¶6} Appellant raises a single assignment of error, which states:

{¶7} "THE TRIAL COURT ABUSED ITS DISCRETION AND ACTED CONTRARY TO LAW IN IMPOSING A TOTAL SENTENCE OF THREE YEARS WHERE THERE WAS NO PRESUMPTION OF INCARCERATION AND WHERE THE RECORD DOES NOT JUSTIFY THE IMPOSITION OF IMPRISONMENT."

{¶8} Appellant argues that the court erred in sentencing him to prison when he was amenable to community control sanctions.

{¶9} Our review of felony sentences is a limited, two-fold approach, as outlined by the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶26. First, we must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. (O'Connor, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must

consider R.C. 2929.11 and R.C. 2929.12. Id. at ¶¶13-14 (O'Connor, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the court's exercise of discretion "in selecting a sentence within the permissible statutory range is subject to review for any abuse of discretion." Id. at ¶17 (O'Connor, J., plurality opinion). Thus, we apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. Id.

{¶10} Further, a sentencing court has "full discretion" to sentence an offender within the statutory range and is no longer required to make findings or give its reasons for imposing non-minimum, maximum, or consecutive sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, at paragraph seven of the syllabus.

{¶11} Appellant was convicted of a third-degree felony. The possible sentences for a third-degree felony are one, two, three, four, or five years. R.C. 2929.14(A)(3). The trial court sentenced appellant to three years in prison. Thus, his sentence is clearly within the applicable statutory range.

{¶12} Additionally, the trial court stated both at the sentencing hearing and in its judgment entry of sentence that it considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. (Sentencing Tr. 7; Feb. 4, 2010 judgment entry). The trial court's simple statement that it considered the factors in R.C. 2929.11 and R.C. 2929.12 is sufficient to show compliance with its duty to consider those factors. *State v. Watson*, 7th Dist. No. 09-MA-62, 2011-Ohio-1178, at ¶8; *State v. Barnette*, 7th Dist. No. 06-MA-135, 2007-Ohio-7209, at ¶25.

{¶13} Given the above considerations, appellant's sentence is not contrary to law.

{¶14} Next, we must move on to consider whether the trial court abused its discretion in sentencing appellant to three years of incarceration.

{¶15} Appellant first contends that his sentence violates R.C. 2929.13(A), which provides in part: "The sentence shall not impose an unnecessary burden on state or local government resources." In support, he points to the circumstances

surrounding his crime. He states that he got into an argument with his father and his father fired a shot at him. Appellant states that he then returned a shot at his father. He also states that neither he nor his father suffered any life-threatening injuries. Appellant contends that his sentence places a burden on state resources that outweighs any benefit the people of Ohio would gain from his incarceration. This is so, he argues, because the chances of him repeating this offense are "practically non-existent" since his father passed away from unrelated causes.

{¶16} While appellant cannot get into another gunfight with his father, this does not mean that he may not engage in such violent conduct with others. Furthermore, "'[j]ust what constitutes a "burden" on state resources is undefined by the statute, but the plain language suggests that the costs, both economic and societal, should not outweigh the benefit that the people of the state derive from an offender's incarceration.'" *State v. Goins*, 7th Dist. No. 06-MA-131, 2008-Ohio-1170, at ¶35, quoting *State v. Vlahopoulos*, 154 Ohio App.3d 450, 2003-Ohio-5070, at ¶5. It would seem society would benefit from the incarceration of a person who, while already under a disability preventing him from possessing firearms, fired a gun at someone.

{¶17} Appellant also argues that the court erred in sentencing him to five years in prison instead of following the prosecutor's recommendation of four years.

{¶18} Appellant is confused in making this argument. The trial court sentenced him to three years in prison, not five. And the state did not recommend a four-year sentence but instead stood silent at sentencing as promised in the plea agreement.

{¶19} Appellant finally asserts that since his arrest, he moved out of the community in order to shield himself from negative influences, has cooperated with law enforcement in an unrelated prosecution, and has shown remorse. Additionally, appellant states that there was no record of him having being convicted of a prior felony nor was there any evidence that he was likely to commit future crimes.

{¶20} As reflected in count one of the indictment to which appellant pleaded

guilty, appellant does have a prior juvenile adjudication for possession of drugs. One of the elements of having weapons under disability is that the offender "is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse." R.C. 2923.13(A)(3). Thus, this case presents, at a minimum, appellant's second run-in with the law.

**{¶21}** Additionally, although the state dismissed the aggravated assault charge and firearm specification, the court was still free to consider these matters in sentencing appellant. A sentencing court is free to consider charges that were dismissed pursuant to a plea agreement. *State v. Johnson*, 7th Dist. No. 10-MA-32, 2010-Ohio-6387, at ¶26.

**{¶22}** Given the above factors, we cannot conclude that the trial court abused its discretion in sentencing appellant to three years in prison.

**{¶23}** Accordingly, appellant's sole assignment of error is without merit.

**{¶24}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.