[Cite as *State v. McGuffey*, 2012-Ohio-4448.]

IN THE COURT OF APPEALS OF CHAMPAIGN COUNTY, OHIO

STATE OF OHIO,                          :

     Plaintiff-Appellee              :       C.A. CASE NO. 11-CA-34

vs.                                     :       T.C. CASE NO. 2011-CR-222

KEVIN R. MCGUFFEY,                      :       (Criminal Appeal from
                                         Common Pleas Court)

     Defendant-Appellant            :

· · · · · · · · ·

# O P I N I O N

Rendered on the 28th day of September, 2012.

· · · · · · · · ·

Nick A. Selvaggio, Pros. Attorney, Atty. Reg. No. 0055607, 200 N. Main St., Urbana, OH 43078
     Attorney for Plaintiff-Appellee

Richard E. Mayhall, Atty. Reg. No. 0030017, 20 S. Limestone St., Ste. 235, Springfield, OH 45502
     Attorney for Defendant-Appellant

· · · · · · · · ·

GRADY, P.J.:

{¶ 1} Defendant Kevin McGuffey appeals from his conviction and sentence for one count of burglary, R.C. 2911.12(A)(2), a felony of the second degree; one count of burglary, R.C. 2911.12(A)(3), a felony of the third degree; two counts of grand theft, R.C. 2913.02(A)(1), felonies of the fourth degree; three counts of breaking and entering, R.C.

2911.13(A)(C), felonies of the fifth degree; two counts of theft, R.C. 2913.02(A)(1), misdemeanors of the first degree; and six counts of criminal damaging, R.C. 2909.06(A)(1), misdemeanors of the second degree.

{¶ 2} In 2011, while he was subject to community control sanctions, Defendant was involved with five co-defendants in a series of break-ins and thefts from unoccupied buildings and homes. As a result, Defendant was indicted on 25 counts including: three counts of burglary, three counts of breaking and entering, six counts of theft, two counts of grand theft, six counts of criminal damaging, one count of retaliation, and four counts of possession of criminal tools.

{¶ 3} As part of a plea agreement, Defendant pled guilty to 15 of the charges, and the remaining counts were dismissed. One count of grand theft was merged with a count of burglary as allied offenses of similar import. The trial court sentenced Defendant to an aggregate sentence of seven and one-half years.

{¶ 4} Defendant appeals, raising two assignments of error, both challenging the length of his sentence.

{¶ 5} Defendant's first assignment of error:

"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT IMPOSED CONSECUTIVE SENTENCES TOTALING 7 ½ YEARS."

{¶ 6} Defendant's second assignment of error:

"BECAUSE THE TRIAL COURT'S SENTENCE IMPOSES AN UNNECESSARY BURDEN ON GOVERNMENT RESOURCES, IT IS CONTRARY TO LAW."

**{¶ 7}** In *State v. Barker,* 183 Ohio App.3d 414, 2009-Ohio-3511, 917 N.E.2d 324 (2d Dist.), at ¶ 36-37, we wrote:

> The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences. *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶ 37.

> When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. *Id.*

**{¶ 8}** Defendant does not dispute that his sentence falls within the permissible statutory range for his crimes. However, Defendant insists that his sentence is contrary to law because it puts an unreasonable burden on State resources in violation of R.C. 2929.13(A). In that connection, Defendant points out that he was cooperative with law enforcement

authorities after his arrest, providing information on other crimes, which the prosecutor agreed was helpful in solving other criminal offenses that had occurred.

{¶ 9} Although resource burdens are a relevant sentencing criterion under former R.C. 2929.13(A) and newly enacted language in R.C. 2929.11(A), a sentencing court is not required to elevate resource conservation above seriousness and recidivism factors. *State v. Luyando,* 8th Dist. Cuyahoga App. No. 97203, 2012-Ohio-1947, ¶ 14, citing *State v. Burton,* 10th Dist. Franklin App. No. 06AP-690, 2007-Ohio-1941, ¶ 19. *Accord, State v. Ober,* 2d Dist. Greene App. No. 97 CA 0019, 1997 WL 624811 (Oct. 10, 1997). "Where the interests of public protection and punishment are well served by a prison sentence, the claim is difficult to make that the prison sentence imposes an unnecessary burden on government resources." *State v. Bowshier,* 2d Dist. Clark App. No. 08-CA-58, 2009-Ohio-3429, ¶ 13, citing *Ohio Felony Sentencing Law,* 2007 Ed. Griffin and Katz, at 966.

{¶ 10} When determining whether a prison sentence is warranted, the trial court must consider the benefit to society in assuring that Defendant will not be free to continue to re-offend. *State v. Vlahopoulos,* 154 Ohio App.3d 450, 2003-Ohio-5070, 797 N.E.2d 580, ¶ 5 (8th Dist.). "Many people sleep better at night knowing that certain offenders are incarcerated. They would no doubt consider a lengthy incarceration worth the cost of housing those offenders." *Id.*

{¶ 11} Defendant pled guilty to 15 crimes, in exchange for which ten additional charges were dismissed. Furthermore, Defendant committed these crimes while on community control for the commission of similar crimes. Defendant concedes in his brief "that a prison sentence in this case was inevitable, and, indeed, appropriate." We conclude

that Defendant's sentence does not impose an unnecessary burden on State resources.

{¶ 12} Defendant also argues that while "[t]he facts in this case justify a period of incarceration," the trial court erred in imposing such a lengthy sentence. We disagree.

{¶ 13} "A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." *State v. Bray*, 2d Dist. Clark No. 2010CA14, 2011-Ohio-4660, ¶ 28, citations omitted. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 14} Prior to imposing sentence, the trial court explained that it had reviewed the purposes and principles of sentencing, including the seriousness and recidivism factors. The court heard statements made by the State, Defendant, and his counsel. The court considered the nature of Defendant's criminal conduct, which included multiple crimes against many victims, noting Defendant's "dangers and risks to community and individual welfare. * * * Defendant's conduct created a cloud of uncertainty in the community [and] fear of loss of security." Moreover, the court reviewed the pre-sentence investigation report, which detailed Defendant's criminal history. When Defendant committed these crimes, he was on community control for having committed similar offenses.

{¶ 15} Defendant faced a potential sentence of nearly 13 years, while the State recommended a sentence of more than ten years. After evaluating all of the factors listed

above, the trial court imposed a sentence of seven and one-half years. Courts have the authority and inherent discretion to determine whether a sentence within the statutory range shall run consecutively or concurrently. *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, paragraph 19. We cannot conclude that under the facts and circumstances of this case that the trial court abused its discretion in imposing consecutive sentences upon Defendant.

{¶ 16} Defendant's first and second assignments of error are overruled. The judgment of the trial court will be affirmed.


Donovan, J., And Hall, J., concur.


Copies mailed to:

Nick A. Selvaggio, Esq.
Richard E. Mayhall, Esq.
Hon. Roger B. Wilson