[Cite as *State v. Bailey*, 2014-Ohio-3749.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                                   :

     Plaintiff-Appellee                       :            C.A. CASE NO.    14-CA-2

v.                                              :            T.C. NO.    13-CR-27

SHERRY L. BAILEY                                :            (Criminal appeal from
                                          Common Pleas Court)

     Defendant-Appellant                      :

                                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____29th____ day of ____August____, 2014.

. . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. #0009172, by STEPHANIE R. HAYDEN, Atty. Reg. #0082881, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

 SCOTT A. ASHELMAN, Atty. Reg. #0074325, Scott A. Ashelman, Esq., LLC, 703 Liberty Tower, 120 West Second Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}     This matter is before the Court on the Notice of Appeal of Sherry L. Bailey,

filed January 9, 2014.  Bailey appeals from her December 12, 2013 Judgment Entry of Conviction, following a plea of guilty, to one count of possession of heroin, in violation of R.C. 2925.11(A),  a felony of the fifth degree.   Bailey was sentenced to a maximum prison term of 12 months.   We hereby affirm the judgment of the trial court.

{¶ 2}    The sequence of events giving rise to this matter occurred on October 15, 2012, when Beavercreek police officers pulled over a vehicle with one working headlight in which Bailey was a passenger.   The driver of the vehicle was Bailey's nephew, and Bailey's daughter was in the backseat.   After noting Bailey's slurred speech, the officers requested a K9 unit.   Ultimately, after the dog alerted, heroin was retrieved from Bailey's bra, and drug paraphernalia were found near her person.

{¶ 3}    Bailey was indicted on January 18, 2013, and she initially pled not guilty. Bailey posted bond and was released, and the Judgment Entry (Bond Conditions) provides in part that Bailey "will not consume any form of illegal drugs," that she "will report to the Adult Probation Department as often as requested or required," and that she "will seek a chemical dependency evaluation and follow any and all recommendations." On June 3, 2013, Bailey filed a Motion for Intervention in Lieu of Conviction ("ILC"), and on July 2, 2013, the court ordered that Bailey be examined by a chemical dependency counselor to determine if she met the criteria set forth in R.C. 22951.041 for ILC.   On August 22, 2013, the trial court denied Bailey's motion, finding that she was not a good candidate for ILC. The court's judgment entry provides as follows:

> The Court FINDS that the defendant has not been compliant with the reporting requirements of the Greene County Adult Probation Department for

the Intervention in Lieu of Conviction evaluation process. Three attempts were made for compliance in regards to the In Lieu of Conviction Interview. Once defendant was finally contacted she reported for the interview. She was then provided a court order to appear on July 17, 2013 at 10:00 am for an evaluation by the Chemical Dependency Counselor/ Professional Clinical Counselor. She then contacted the Adult Probation Department indicating that she had no transportation to report for the evaluation, therefore, the evaluation was moved to July 24, 2013. On July 24, 2013 the defendant failed to appear for the scheduled evaluation. Three more attempts have been made to contact the defendant without success.

{¶ 4} The matter was set for a final pretrial hearing on October 9, 2013. On that date, the trial court issued an Order to Convey because Bailey, who failed to appear, was incarcerated at the Highland County Jail for a probation violation. The matter was re-set for October 16, 2013. On October 15, 2013, on the motion of the Greene County Adult Probation Department, the trial court issued a capias for Bailey's arrest based upon violations of bond, namely that she tested positive for methamphetamine, amphetamine, and benzodiazepine in Highland County and was accordingly incarcerated there for a probation violation; that she was non-compliant with the reporting requirements of the Adult Probation Department in Greene County regarding ILC; and that she failed to seek as ordered a chemical dependency evaluation and follow any treatment recommendations.

{¶ 5} Bailey's "Plea Agreement Report" provides that the State "recommends community control with a drug and alcohol assessment and the Defendant to follow any

recommendations of said assessment." Disposition occurred on December 12, 2013, at which time Bailey stated as follows:

> Your Honor, I have - there's no excuse, you know, breaking the law is breaking the law. I understand that. I have been in mental health treatment for 12 years. I have a couple of different mental diagnoses. In the last couple years I lost all of my family and my daughter is a hard core addict. She is twenty-three and she's been in prison twice. The only person I have left is my son and when I got this charge last year because she was in the car. She had been out of prison less than a month, well one month and a day, and they had this stuff on them. They both, you know, said we would really be in trouble you might as well take the charge. I didn't know what the laws were so I did but once I did I felt hopeless and so Iet go of my life because I figured I was going to prison and it was hopeless. And then I'm on social security disability. After I went to jail, here in Greene County when I got picked up with the warrant, I was homeless at the time and when I got out I really started to try to rebuild because me and my son had nothing, just a bag of cloths (sic); and then an apartment and everything and I didn't show up for, you know, the things that I was supposed to. And because I was concentrating on trying to fit something together so my son would have a place to call home. And I'm determined to turn my life around and make an example of my life so that his life can be better because I've obviously put him through it too in the last year. And I beg you for a second chance.

**{¶ 6}** The court thereafter noted Bailey's repeated failures to comply with the ILC process, and that a capias was issued for her bond violations. The court further noted Bailey's non-compliance in Highland County. The court determined that "it's not a matter of one more chance; * * * the record's replete with attempts to try to help you."

**{¶ 7}** The Court read from the Judgment Entry of Conviction as follows:

Further from the judgment entry:

The Court has considered the record, oral statements, victim impact statement, and the presentence report. The Court has considered the purposes and principles of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation and restitution. The Court is guided by the overriding purposes of felony sentencing, including protection of the public from future crime by the defendant and others and punishment of the defendant, using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. * * *

The court finds that the defendant has been convicted upon defendant's plea of "guilty" on October 16th, 2013 of count 1, a violation of Ohio Revised Code section 2925.11(A), Possession of Heroin, a felony of the 5th degree. Therefore in review of Ohio Revised Code section § 2929.13(B)(1) the Court finds the defendant violated a term of the conditions of bond as set by the Court and the Court therefore has discretion in imposing

a prison term in any 4th or 5th degree offenses in this case.

The Court finds pursuant to Ohio Revised Code section 2929.13(B)(2) that the defendant previously was subject to a community control sanction and the defendant committed another offense while under that sanction. The Court further finds that, after considering the factors set forth in Ohio Revised Code section §2929.12, a prison term is consistent with the purposes and principles of sentencing set forth in §2929.11 and the defendant is not amenable to available community control sanction[s].

The court further finds that a combination of community control sanctions would demean the seriousness of the defendant's conduct and its impact on the victim and that a prison sentence is commensurate with the seriousness of defendant's conduct and its impact on the victim and that a prison sentence does not place an unnecessary burden on state or governmental resources.

Therefore it is the order of the Court that the defendant be sentenced to the Ohio Department of Rehabilitation and Correction, Ohio Reformatory for Women, accordingly:

Count 1: for a definite period of 12 months for the violation of Ohio Revised Code section §2925.11(A), Possession of Heroin, a felony of the 5th degree which is not a mandatory term pursuant to §2929.13(F), §2929.14(D), or Chapter 2925 of the Ohio Revised Code.

The court noted that Bailey was entitled to jail time credit of 69 days and advised her that

she is subject to optional supervision under Post Release Control at the completion of her prison term.

{¶ 8}     Counsel for Bailey objected "to the sentence being excessive as a maximum sentence for a first time F5 drug offense, * * * and the finding that the imposition of this sentence does not place an undue burden upon governmental resources * * *."

{¶ 9}     Bailey asserts one assignment of error herein as follows:

"THE TRIAL COURT VIOLATED OHIO REVISED CODE §2929.11 WHEN IT FAILED TO CONSIDER IF ITS SENTENCE ACCOMPLISHES SENTENCING PURPOSES WITHOUT IMPOSING AN UNNECESSARY BURDEN UPON GOVERNMENT RESOURCES."

{¶ 10}   Bailey asserts as follows:

The opinion of this Court in its plurality decision in *State v. Wilson*, [2d Dist. Montgomery No. 24978,] 2012 Ohio 4756, reads O.R.C. § 2929.11(A) in a manner that minimizes, if not outright negates the legislature's amendment in 2011 H.B. 86, effective September 30, 2011. Under that interpretation of the sentencing statute, Appellant, in the case at bar, was likely sentenced properly.

However, Appellant wishes the Court to consider that the H.B. 86 amendment[] added the requirement that a court accomplish the purposes of felony sentencing (protection of the public and punishment of the offender) "using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or on local

government resources."

\* \* \*

Appellant urges the Court to re-examine its approach when considering whether or not a trial court truly considered whether a sentence will accomplish its purposes without imposing an unnecessary burden on state or local government resources. The court should adopt the approach set forth in the *Wilson* concurrence. The position stated in that concurring opinion would require the imposition of a minimum sentence, unless additional findings were made in order to impose a greater sanction upon a defendant. Such findings would be required even if the court stated that the purposes and principles and seriousness [and] recidivism factors were considered. \* \* \*

Under [the] approach to sentencing set forth above, it is clear and convincing, in Appellant's case, that the trial court did not satisfy the two-pronged test set forth under O.R.C. §2953.08(G)(2). And while the record may support the trial court's findings under [R.C.]§ 2929.13(B), the sentence should be otherwise contrary to law because it imposed a greater than minimum prison sentence upon Appellant.

{¶ 11} In *State v. Jones*, 2d Dist. Clark No. 2013-CA-63, 2014-Ohio-1540, ¶17-18, 20 (Froelich, P.J., and Fain, J. concur, subject only to the discussion in regards to the concurring opinion in *Rodeffer*), this Court noted as follows regarding the standard of review for felony sentences:

In *State v. Rodeffer*, 2d Dist. Montgomery Nos. 25574, 25575, and 25576, 2013–Ohio–5759, this court adopted R.C. 2953.08(G)(2) as the appellate standard of review for felony sentences. *Id.* at ¶ 29. R.C. 2953.08(G)(2) states, in pertinent part, that: The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law. (Emphasis added.)

We also observed in *Rodeffer* that:

"[T]he clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." * * * "In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review." Id. at ¶ 31, quoting *State v. Venes*, 2013–Ohio–1891, 992 N.E.2d 453, ¶ 21 (8th Dist .).

\* \* \*

\* \* \* " '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." (Citation omitted.) *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004–Ohio–169, ¶ 11. "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer*, 2013–Ohio–5759,

at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 18. "The court is not required to make specific findings or to use the exact wording of the statute[s]." (Citation omitted.) *State v. Wilson*, 2d Dist. Montgomery No. 24978, 2012–Ohio–4756, ¶ 8.

{¶ 12} In *Wilson*, the appellant therein, who pled guilty to three counts of gross sexual imposition, asserted an assignment of error identical to Bailey's. This Court determined as follows:

R.C. 2929.11 sets out the overriding purposes and principles of sentencing the court must consider when imposing a felony sentence. Those overriding purposes are to punish the offender and to protect the public from future crime committed by the offender and others. R.C. 2929.11 was amended by H.B. 86, effective September 30, 2011, to require the court to impose the minimum sanctions that the court determines "will accomplish those purposes without imposing an unnecessary burden on state or local government resources."

\* \* \*

Although resource burdens are a relevant sentencing criterion under newly enacted language in R.C. 2929.11(A), a sentencing court is not required to elevate resource conservation above seriousness and recidivism factors. *State v. Luyando*, 8th Dist. Cuyahoga No. 97203, 2012-Ohio-1947, ¶ 14, citing *State v. Burton*, 10th Dist. Franklin No. 06AP-690, 2007-Ohio-1941, ¶ 19. *Accord, State v. Ober*, 2d Dist. Greene No. 97 CA 0019, 1997 WL 624811 (Oct. 10, 1997). "Where the interests of public protection and punishment are well served by a prison sentence, the claim is difficult to make that the prison sentence imposes an unnecessary burden on government resources." *State v. Bowshier*, 2d Dist. Clark No. 08-CA-58, 2009-Ohio-3429, ¶ 14, citing *Ohio Felony Sentencing Law*, 2007 Ed. Griffin and Katz, at 966.

When determining whether a prison sentence is warranted, the trial court must consider the benefit to society in assuring that Defendant will not be free to continue to re-offend. *State v. Vlahopoulos*, 154 Ohio App.3d 450, 2003-Ohio-5070, 797 N.E.2d 580, ¶ 5 (8th Dist.). "Many people sleep better at night knowing that certain offenders are incarcerated. They would no doubt consider a lengthy incarceration worth the cost of housing those offenders." *Id.*

\* \* \* A sentencing court satisfies its obligations under R.C. 2929.11 and R.C. 2929.12 when it considers the general guidance factors set forth in those sections. *State v. Watkins*, 186 Ohio App.3d 619, 2010-Ohio-740, 929 N.E.2d 1072, ¶ 39 (2d Dist.). The court is not required to make specific findings or to

use the exact wording of the statute.   *Id*.

*Wilson*, at ¶s 4, 6-8.

**{¶ 13}**   Bailey directs our attention to the concurring opinion of Judge Froelich in *Wilson,* expressing concern that the *Wilson* decision "will be read as minimizing, if not negating, the legislature's amendment of R.C. 2929.11(A)" and its attendant requirement that a court accomplish the principles of felony sentencing "'using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.'"   *Id*., ¶ 22.   The concurring opinion of Judge Froelich continues as follows:

> [*Luyando*] was correct that "although resource burdens are relevant sentencing considerations under former R.C. 2929.13(A) and newly enacted language in R.C. 2929.11, a sentencing court is not required to elevate resource conservation above seriousness and recidivism factors."   *Id*. at ¶ 14.   However, the mandate that the court impose the minimum sentence means more than we discussed in [*Bowshier*], which was decided under former R.C. 2929.13(A).   I find the language to mean that there is a requirement for the imposition of the minimum sanctions necessary to achieve the goals of punishment and protection (without an unnecessary burden on government resources) and that a silent record, or even one that by rote statement says that the purpose and principles and seriousness and recidivism factors were considered, would not support a greater sanction.

*Wilson*, at ¶ 24.

**{¶ 14}** As the State asserts, R.C. 2923.13(B)(1)(b) provides: "The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence * * * if any of the following apply: * * * (iii) The offender violated a term of the conditions of bond as set by the court." R.C. 2929.14(A)(5) allows for a maximum sentence of 12 months for a felony of the fifth degree

**{¶ 15}** Prior to imposing sentence, the record reflects that the court considered the PSI, and Bailey's statement. The court further indicated that it "considered the purposes and principles of sentencing set forth in O.R.C. 2929.11 and has balanced the seriousness and recidivism factors pursuant to § 2929.12 * * * ." The court indicated that it "is guided by the overriding purposes of felony sentencing including protection of the public from future crime by the defendant and others and punishment of the defendant, using the minimum sanctions that the Court determines accomplishes those purposes *without imposing an unnecessary burden on the state or governmental resources."* It was significant to the court that Bailey failed to comply with the ILC process, violated the conditions of her bond, and that while she was subject to community control sanctions in Highland County, she tested positive for drugs. The court found that "a combination of community control sanctions would demean the seriousness of [Bailey's] conduct and its impact on the victim and that a prison sentence is commensurate with the seriousness of defendant's conduct and its impact on the victim and that *a prison sentence does not place an unnecessary burden on state or governmental resources*."

**{¶ 16}** As noted above, pursuant to *Wilson* and R.C. 2929.11, "a sentencing court is not required to elevate resource conservation above seriousness and recidivism factors." *See also*, *State v. Henry*, 12th Dist. Butler No. CA2013-03-050, 2014-Ohio-1318, citing *Wilson.* Having

reviewed the record, we cannot conclude, pursuant to R.C. 2929.11 (A), that the court was not guided by the overriding purposes of felony sentencing in imposing the maximum prison term, or that Bailey's sentence imposes an unnecessary burden on state or local government resources. Regarding the concurring opinion of Judge Froelich in *Wilson*, the record before us is not, as Bailey suggests, " * * * one that by rote statement says that the purpose and principles and seriousness and recidivism factors were considered," such that the record does not support a greater sanction. The court specifically noted in detail Bailey's failure to comply with the ILC process, as well as her bond and probation violations in two counties, and we find that Bailey's repeated non-compliance had already utilized significant local government resources. We conclude that the record supports the trial court's determination that a prison sentence of 12 months is appropriate, and that a minimum sanction would not accomplish the purposes and principles of sentencing.

{¶ 17} Since we cannot clearly and convincingly find that the record does not support the findings of the trial court, such that Bailey's sentence is contrary to law, Bailey's assigned error is overruled.[1] The judgment of the trial court is affirmed.

. . . . . . . . . .

---

[1]As noted in *Rodeffer*, prior to the application of the standard of review set forth in R.C. 2953.08(G)(2), we "have consistently reviewed felony sentences under the two-step approach in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. * * * The first step requires an appellate court to examine the sentencing court's compliance with all the applicable rules and statutes in imposing the sentence to determine if the sentence was clearly and convincingly contrary to law. *Kalish* at ¶ 14-15. If the first step is satisfied, the appellate court is then required to review the sentencing court's decision to determine if it constituted an 'abuse of discretion.' *Id.* at ¶ 16-19." *Rodeffer*, ¶ 24. We conclude that under any standard, the trial court did not err in imposing a 12 month prison term herein.

HALL, J., concurring:

{¶ 18} I agree with the lead opinion and its analysis. I write separately to reiterate a view I have previously expressed in *State v. Wilson,* 2d Dist., Montgomery No. 24978, 2012-Ohio-4756, Hall, J., concurring. "I question whether trial courts are in a position to evaluate what the minimum sanctions are that accomplish the purposes of felony sentencing that will not burden government resources. Resource burdens are the province of the executive and legislative branches of government. And, unlike R.C. 2929.12, which gives courts guidance in evaluating seriousness and likelihood of recidivism, R.C. 2929.11(A) gives no guidance whatsoever in evaluating whether a sanction burdens resources." *Id*.

. . . . . . . . . .

WELBAUM, J., concurring in the lead opinion and in Judge Hall's concurring opinion.

. . . . . . . . . .

Copies mailed to:

Stephen K. Haller
Stephanie R. Hayden
Scott A. Ashelman
Hon. Michael A. Buckwalter