[Cite as *State v. McGee*, 2013-Ohio-4926.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99704

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LARRY L. McGEE

DEFENDANT-APPELLANT

### JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-566887

**BEFORE:** McCormack, J., Jones, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 7, 2013

**ATTORNEY FOR APPELLANT**

Brian R. McGraw
1370 Ontario Street
Suite 2000
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Adam M. Chaloupka
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Larry McGee, appeals the trial court's imposition of the consecutive maximum sentence of 12 months for breaking and entering in Count 1 and 18 months for the vandalism in Count 3. For the reasons that follow, we reverse.

## Procedural History and Substantive Facts

{¶2} On September 26, 2012, Larry McGee and codefendant, Kenneth Hunter, were indicted as follows: (1) Count 1 — breaking and entering in violation of R.C. 2911.13(B); (2) Count 2 — grand theft in violation of R.C. 2913.02(A)(1); and (3) Count 3 — vandalism in violation of R.C. 2909.05(B)(1)(a). McGee and Hunter entered into a plea agreement, wherein McGee pleaded guilty to breaking and entering and vandalism. The grand theft charge in Count 2 was dismissed.

{¶3} On December 3, 2012, the trial court sentenced McGee to 12 months on Count 1 and 18 months on Count 3, to be served consecutively. The court also ordered restitution in the amount of $29,800.

{¶4} McGee and Hunter, on or about July 6, 2012, dismantled three air conditioning units from the roof of Federated Equipment Company in Cleveland, Ohio and removed the copper and aluminum parts from the units. Edward "Lucky" Nehez, a representative of Federated Equipment Company, testified at the sentencing hearing as to the damage to the property. During the hearing, defense counsel noted that McGee had violated several drug tests and was previously sentenced to a community based

correctional facility. In response, the prosecutor submitted that he pleaded McGee out in 2011 for the same charges presently at issue and, in fact, most of McGee's 22 prior cases relate to breaking and entering charges.

{¶5} Before sentencing McGee to the maximum sentences for both the breaking and entering and vandalism charges, the trial court stated that it considered the purposes of felony sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors under R.C. 2929.12. The court also noted McGee's "longstanding prior history of criminal convictions." In noting McGee's "continuing" and "repeating" pattern of criminal conduct, the trial court stated that "the only thing the court can do is basically remove [McGee] from the community and hope the time imposed is going to at least make an impression that this is not the best choice of life for [McGee] as far as making ends meet at the expense of other people." The court then found that a prison sentence is necessary in order to protect the public and not demean the seriousness of the offense.

{¶6} Prior to ordering the sentences to run consecutively, the court stated, "I'm going to run this time consecutive * * * because the criminal history does require consecutive sentences and also is necessary to fulfill the purposes and principles of felony sentencing which is to punish the offender and not demean the seriousness of these offenses."

## Assignment of Error

{¶7} The trial court erred and abused its discretion in imposing a maximum consecutive sentence.

## Law and Analysis

{¶8}   McGee contends that the trial court erred with respect to the imposition of a "maximum consecutive sentence."   While McGee includes the word "maximum" in his assignment of error, he provides no argument advancing the claim that the court erred in imposing a maximum sentence.   We therefore limit our review to consecutive sentences.

{¶9}   McGee claims that the trial court failed to make the statutory findings before imposing consecutive sentences.   The state concedes that the trial court did not make the required findings under R.C. 2929.14(C)(4); however, it contends that the record supports such findings.

{¶10} We review consecutive sentences using the standard set forth in R.C. 2953.08.   *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 8-10.   That statute provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the sentence is "otherwise contrary to law"; or (2) the appellate court, upon its review, clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4).   *Venes* at ¶ 11; R.C. 2953.08(G)(2).

{¶11} H.B. 86, effective on September 30, 2011, revived the requirement that trial courts make certain findings before imposing consecutive sentences. *State v. Graves*, 8th Dist. Cuyahoga No. 98559, 2013-Ohio-2197, ¶ 11.

{¶12} Under current R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must first find the sentence is "necessary to protect the public from future

crime or to punish the offender." Next, the trial court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find the existence of one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c):

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13} Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Venes*, 8th Dist. No. 98682, 2013-Ohio-1891, at ¶ 17, citing *State v. Jones*, 93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252. "By stating the findings on the record, the reviewing court will not have to guess as to the trial court's thought process or impose its own. This helps the reviewing court to understand whether the trial court made the appropriate analysis." *State v. Davis*, 8th Dist. Cuyahoga Nos. 97689, 97691, and 97692, 2012-Ohio-3951, ¶ 16 (Blackmon, J., concurring). The failure to make these findings is contrary to law. *Venes* at ¶ 12.

{¶14} In this case, a review of the record reveals, and the state concedes, that the trial court did not clearly demonstrate compliance with the requirements of R.C. 2929.14(C)(4) prior to the imposition of consecutive sentences.

{¶15} At the hearing, the trial court discussed McGee's "longstanding prior history of criminal convictions" and it noted McGee's "continuing" and "repeating" pattern of criminal conduct. It further stated the need to remove McGee from the community in order to prevent him from "making ends meet at the expense of other people." The court then found that a prison sentence is necessary in order to protect the public and not demean the seriousness of the offense. The only specific finding the trial court arguably made with respect to consecutive sentences, however, was that the "criminal history does require consecutive sentences * * * and to punish the offender * * *." The trial court failed to find that consecutive sentences were not disproportionate to the seriousness of McGee's conduct and to the danger he poses to the public as required by R.C. 2929.14(C)(4). *Graves*, 8th Dist. Cuyahoga No. 98559, 2013-Ohio-2197, at ¶ 15. Nor does the record demonstrate that the trial court engaged in an analysis to support such a finding of proportionality.

{¶16} The court's statements, therefore, along with the record in this case, are devoid of the statutorily mandated findings required by the second prong of the statute as outlined above. As such, the consecutive sentence the trial court imposed is clearly and convincingly contrary to law.

{¶17} We recognize that the trial court worked diligently to identify the reasons why McGee should receive the more punitive consecutive sentences. Trial courts, however, are clearly bound by the stricter standard for the imposition of consecutive sentences created by the General Assembly in H.B. 86. The revived consecutive sentencing statute requires that the trial court make separate and distinct findings before imposing consecutive sentences. The legislation envisions and prescribes a clear delineation, a preface to the act of imposing the greater term of imprisonment that is effectuated by consecutive sentences. The law mandates an introduction, by way of findings, to the act of imposing the consecutive sentences so that the trial court's intent and purpose are clear. "If the word 'findings' is to have any meaning at all, it means nothing less than the court must 'engage[ ] in the required analysis and select[ ] the appropriate statutory criteria' before ordering sentences to be served consecutively." *Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 17, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.

{¶18} Accordingly, we sustain McGee's assignment of error and remand this case to the trial court for the limited purposes of resentencing consistent with R.C. 2929.14(C). *See State v. Huber*, 8th Dist. Cuyahoga No. 98206, 2012-Ohio-6139, ¶ 17.

{¶19} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR