[Cite as *State v. Balbi*, 2015-Ohio-4075.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102321**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ORLANDO JOSE MARTINEZ BALBI

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-584996-A

**BEFORE:** Stewart, J., E.A. Gallagher, P.J., McCormack, J.

**RELEASED AND JOURNALIZED:** October 1, 2015

**ATTORNEY FOR APPELLANT**

Christopher M. Kelley
75 Public Square, Suite 700
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Brett Kyker
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Orlando Jose Martinez Balbi pled guilty to 17 counts of pandering sexually oriented material involving a minor, in violation of R.C. 2907.322(A)(2) (Counts 1-17); 22 counts of pandering sexually oriented material involving a minor, in violation of R.C. 2907.322(A)(1) (Counts 18-39); and one count of possession of criminal tools, in violation of R.C. 2923.24(A) (Count 100). The court ordered Balbi to serve concurrent, five-year sentences on Counts 1-17; concurrent five-year sentences on Counts 18-39, and a 12-month sentence on Count 100, served concurrent with Counts 1-39. The court ordered the five-year sentences on Counts 1-17 to be served consecutive to the five-year sentences on Counts 19-39, for a total prison term of ten years. The sole issue on appeal is whether the record supports the findings that the court made before ordering consecutive service.

{¶2} R.C. 2929.14(C)(4) permits the court to order consecutive service of sentences if:

> [T]he court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶3} Our ability to review sentencing decisions by a trial court is circumscribed by R.C. 2953.08(G)(2). That section makes it clear that our standard of review is not whether the sentencing court abused its discretion. Rather, a criminal sentence can be reversed only if it is "contrary to law" or if the appellate court clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4).

{¶4} A sentence is "contrary to law" if the sentencing court failed to make the findings required to order consecutive service of sentences under R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28. Balbi does not argue on appeal that the sentencing judge failed to make the required findings, nor does he argue that the sentencing judge failed to incorporate those findings into the sentencing entry as required by Crim.R. 32(A) and *Bonnell*.

{¶5} Balbi's appeal asserts that the record does not support the sentencing judge's findings for consecutive service. We have noted that our review of claims that the record does not support the sentencing judge's findings under R.C. 2929.14(C)(4) is "extremely

deferential." *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.). This is because R.C. 2953.08(G)(2) states that "it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge." *Id.* "Clearly and convincingly" has the same meaning as it does in other contexts — it is that quantum of evidence that instills a firm belief or conviction as to the allegations sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954).

{¶6} Balbi first argues that the record does not support the court's finding that consecutive sentences were necessary to protect the public from future crime or to punish him. He maintains that he had no criminal record before his arrest in this case, he had been a law-abiding resident of the United States (Balbi is not a United States citizen), and that his crimes were committed under circumstances that were unlikely to recur. He claimed that he "accidently" viewed images of child pornography and then continued to do so because those pictures triggered repressed memories of his own molestation as a child. He denied having a sexual interest in children and said that he gained no sexual gratification from looking at the photographs.

{¶7} The state countered Balbi's assertion that he "accidentally" came across images of child pornography by noting that Balbi had used file-sharing software not only to view images, but to share them with others. Investigators were able to download images of child pornography from Balbi's computer and later obtained a search warrant, the execution of which uncovered more images on Balbi's computer. When confronted

by the police, Balbi told them he had approximately 15 images of child pornography, but in fact he had 83 images and 274 videos of child pornography on three different storage devices. Forensic software used by the police enabled them to determine that Balbi was searching for child pornography using the terms "10Y" (ten years old); "little girls;" "PTHC black" (preteen hardcore black); and "PTHC Tai [sic]." Tr. 47. And to counter Balbi's assertion that he had no sexual interest in children, the state noted that one file stored on Balbi's computer was titled: "Two Little Boy, Baby Boy Sex-One Boy, Toddler, One Man" that showed "a prepubescent boy being masturbated by an adult man." Tr. 49.

{¶8} Given these facts, we cannot clearly and convincingly find that the record does not support the sentencing judge's conclusion that consecutive sentences were necessary to protect the public from future crime or to punish Balbi. The sheer quantity of child pornography found in Balbi's possession undermined his claim that he "stumbled" upon it and did not use it for sexual gratification but to explore his own victimization.

{¶9} In addition, there was no evidence to support Balbi's claim that he had been molested as a child — in fact, the state represented that Balbi told the police at the time of his arrest that he had a "sickness." The record tends to show that the child pornography viewed and shared by Balbi was for sexual gratification and not for therapeutic purposes. And Balbi's argument that he was entitled to lenity because he had only viewed child pornography for a few months might have carried more weight had the quantity of what he viewed in that time period not been so voluminous.

**{¶10}** Balbi next argues that consecutive sentences were unnecessary to protect the public because he will be deported after serving his prison sentence. Assuming the certainty of Balbi's deportation, it is not a valid reason to find that it supersedes the state's interest in punishing him and that he will not resume his activity elsewhere. Apart from the self-serving nature of the argument, any deterrence factor in his punishment would be lost. *See State v. Vlahopoulos*, 154 Ohio App.3d 450, 2003-Ohio-5070, 797 N.E.2d 580, ¶ 5 (8th Dist.).

**{¶11}** We likewise cannot clearly and convincingly find that the record does not support the sentencing judge's conclusion that consecutive sentences are not disproportionate to Balbi's conduct and the danger that he poses to the public. Child pornography is not a victimless crime and Balbi's assertions that he did nothing more than view and download this material in private ignore the severity of the harm caused to the children depicted in that material. *State v. Carlisle*, 8th Dist. Cuyahoga No. 93266, 2010-Ohio-3407, ¶ 37 ("It requires no citation to authority for the proposition that acts of sexual abuse committed against children are considered among the most heinous of crimes."). Although Balbi's lack of a prior criminal record was a factor for the sentencing judge to consider, it is not by itself dispositive of whether he may reoffend and, in the process, remain a danger to the public.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR