[Cite as *State v. Cox*, 2016-Ohio-20.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102629

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DENITRA COX

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-584453-A

**BEFORE:** S. Gallagher, J., McCormack, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 7, 2016

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
700 West St. Clair, Suite 212
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Ronni Ducoff
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

SEAN C. GALLAGHER, J.:

{¶1} Defendant-appellant, Denitra Cox ("Cox"), appeals her conviction on two misdemeanor child endangering counts, one felony child endangering count, and two felony abduction counts. The victims of the offenses were Cox's three minor children. The trial court sentenced Cox to eight years on the second-degree felony child endangering charge, 36 months on each of the abduction charges, and time served on each of the misdemeanor child endangering charges. The court ordered that the sentences be served consecutively for an aggregate 14-year prison term. Cox now appeals her sentences. For the following reasons, we affirm.

{¶2} In the first assignment of error, Cox argues the trial court erred by imposing consecutive sentences without making the findings required by R.C. 2929.14(C). We disagree.

{¶3} There is a presumption in Ohio that prison sentences should be served concurrently, unless the trial court makes the findings outlined in R.C. 2929.14(C)(4) to justify consecutive service of the prison terms. R.C. 2929.41(A). R.C. 2929.14(C)(4) requires the court to find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and, as applicable to the current case, (3) the harm caused by two or more of the multiple offenses, committed as part of one or more courses of

conduct, was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct.

{¶4} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29, the Ohio Supreme Court held that

> a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

The failure to make the findings results in the final sentence being "contrary to law." *Id*. at ¶ 37.

{¶5} In imposing the consecutive sentences in the current case, the trial court stated, in relevant part:

> By the way, I do want to add that [(1)] the sentences, I feel, do adequately protect the community and punish the defendant here, and [(2)] it certainly cannot demean the seriousness of the crime of each one of these counts, which, [(3)] as I said, are separate victims, separate dates and take into consideration the age of each of the victims and the relationship with them to the defendant here.

Thus, the trial court first considered (1) whether consecutive service was necessary to protect the public and to punish the defendant. The court also recognized that (2) consecutive sentences were not disproportionate to Cox's conduct. Although the trial court spoke in terms of "demeaning the seriousness of the crimes," the import of the finding supersedes the language used. *Bonnell*. There is no practical difference between the trial court finding the consecutive service of the prison sentences does not demean the seriousness of Cox's conduct underlying her crimes and that the same is not disproportionate. *See also State v. Wells*, 8th Dist. Cuyahoga No. 100365,

2014-Ohio-3032, ¶ 18 (under pre-*Bonnell* case law, the panel concluded that the evidence demonstrated that the harm caused to the victim was so great that a lesser sentence would demean the seriousness of the crimes, and therefore, the disproportionate finding could be satisfied on remand for the findings to be expressly made). In light of the fact that the trial court's findings were articulated in the same order as the statutory findings and the second finding was meant to address the disproportionate finding, we can conclude the trial court made the statutory findings. We agree with the dissent's analysis, and in a different context, the difference between the trial court's use of the demeaning and disproportionate language could be dispositive. In this case, the difference is not relevant to the outcome.

{¶6} Finally, the trial court found that (3) Cox committed multiple offenses against three child victims, and weighed the harms caused against the victims to their relationship with Cox. The trial court's final finding thus satisfied R.C. 2929.14(C)(4)(b), that the harm caused by two or more of the multiple offenses justified the imposition of consecutive service. As a result, we can discern from the record that the trial court engaged in the correct analysis and made the required findings. We acknowledge that it would have been a better practice to recite the statute's verbiage to avoid any ambiguity on appeal; however, the slight deviation from the statutory language satisfied the requirements all the same. *Bonnell* at ¶ 29. We overrule Cox's first assignment of error.

{¶7} In the second assignment of error, Cox argues the trial court erred by failing to merge allied offenses of similar import. Cox did not raise an allied offense issue or otherwise object to the sentences imposed by the trial court. She has forfeited her allied

offenses claim, except to the extent that it constitutes plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21-25, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15-16.

{¶8} Pursuant to Crim.R. 52(B), appellate courts have discretion to correct "'[p]lain errors or defects affecting substantial rights notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *Rogers* at ¶ 22. To prevail under a plain error analysis, the appellant bears the burden of demonstrating that the trial court "deviated from a legal rule," or that there was "an 'obvious' defect in the proceedings" that resulted in prejudice, i.e., the outcome of the proceedings would have been different. *Id.* at ¶ 17-22.

{¶9} Under R.C. 2941.25(A), when the same conduct by the defendant "can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Ohio Supreme Court outlined the test courts should employ when deciding whether two or more offenses are allied offenses that merge into a single conviction under R.C. 2941.25. In a newly refined test, the *Ruff* court held that multiple offenses do not merge if (1) the offenses are dissimilar in import or significance, (2) the offenses were committed separately or against separate victims, or (3) the offenses were committed with separate animus or motivation. *Id*. at syllabus.

{¶10} Cox pleaded guilty to second-degree child endangering as alleged in Count 8 of the indictment. Count 8 alleged that Cox neglected the medical needs of her son on

or about October 1, 2012, to April 29, 2013, and that the neglect of medical care resulted in serious physical harm to the child. This count is unrelated to the offenses committed against Cox's daughters. Nor was Cox's son a victim in either of Cox's abduction convictions, which crimes were committed against two separate victims. As a result, none of the offenses against the three separate victims merge.

{¶11} As it relates to the counts involving the same child, in Count 15, Cox pleaded guilty to an amended charge of abduction, which she committed against C.J. on or about February 1, 2013, to August 21, 2013. In Count 18, Cox pleaded guilty to an amended charge of child endangering, which she also committed against C.J. on or about October 1, 2012, to February 28, 2013. These offenses were committed on different dates and are therefore separate acts not subject to merger. *Ruff.*

{¶12} Finally, in Counts 23 and 30, Cox pleaded guilty to an amended charge of abduction and an amended child endangering charge, respectively. The indictment alleged that Cox committed both of these offenses against Z.C. on or about February 1, 2013, and August 31, 2013. Although these offenses were committed within the same period of time, the facts alleged in the indictment indicate they were separate acts committed at different times. The act of child endangering alleged in Count 23 occurred when Cox left Z.C. alone and she burned herself. The abduction charge was based on Cox restraining Z.C., a completely separate act from the child endangering. Therefore, the offenses alleged in Counts 23 and 30 were separate offenses committed at different times and are not subject to merger. *Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. The second and final assignment of error is overruled.

**{¶13}** Cox's conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

TIM McCORMACK, P.J., CONCURS;
EILEEN T. GALLAGHER, J., DISSENTS WITH SEPARATE OPINION


EILEEN T. GALLAGHER, J., DISSENTING:

**{¶14}** I respectfully dissent and would hold that the trial court failed to make a finding that a consecutive sentence was not disproportionate to Cox's conduct or to the danger she poses to the public. The majority contends "[t]here is no practical difference between the trial court finding the consecutive service of the prison sentences does not demean the seriousness of Cox's conduct underlying her crimes and that the same is not disproportionate." However, I believe ensuring that a particular penalty is sufficient to punish an offender is only half the proportionality analysis.

**{¶15}** The requirement that a sentence not demean the seriousness of an offense is designed to make sure that the penalty is severe enough to punish the offender for a particular offense. Indeed, R.C. 2929.14(C)(4) requires the trial court to find that consecutive service is necessary to punish the offender.

**{¶16}** Proportionality, however, requires that a particular penalty be commensurate with the criminal conduct. A punishment may be insufficient to achieve a particular penological purpose because the offender is under-punished. Conversely, a punishment may be disproportionate if the penalty exceeds the amount of punishment necessary to achieve the legislature's penological purpose, i.e., retribution and deterrence. *State v. Cook*, 83 Ohio St.3d 404, 415, 700 N.E.2d 570 (1998) (describing traditional aims of punishment as retribution and deterrence).

**{¶17}** The concept of proportionality signifies both a floor (the least acceptable punishment for a particular crime) and a ceiling (the highest-permissible punishment for a particular crime). Ideally, punishments fall within the range of available punishments and are sufficient, but not greater than necessary, to achieve a desired penological purpose and are therefore proportionate. *See, e.g., State v. Geddes*, 8th Dist. Cuyahoga No. 88186, 2012-Ohio-2626, ¶ 9 (holding that an aggregate 30-year consecutive prison term was disproportionate to defendant's conduct). *See also* Berry, *Promulgating Proportionality*, 46 Ga. L.Rev. 69, 90 (2011); Ristroph, *How (Not) to Think Like A Punisher*, 61 Fla. L.Rev. 727, 744 (2009).

**{¶18}** The United States Supreme Court adopted the principle of proportionality by concluding that the Eighth Amendment privilege against cruel and unusual punishment

contains a proportionality guarantee. *See Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) (finding that a punishment is excessive if it is grossly out of proportion to the severity of the crime). In *Coker v. Georgia*, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), the Supreme Court used the proportionality doctrine to support its finding that the death penalty was an unconstitutionally excessive punishment for the rape of an adult woman. The court explained that "the Eighth Amendment bars not only those punishments that are 'barbaric' but also those that are 'excessive' in relation to the crime committed." *Id*. at 592.

{¶19} Thus, proportionality, as a principle of law, is a criterion of fairness injected into the sentencing process. R.C. 2929.14(C)(4) lists proportionality as a separate and distinct finding in addition to the other findings enumerated in that section and in addition to the purposes and goals of criminal sentencing set forth in R.C. 2929.11 and 2929.12. *State v. Gatewood*, 8th Dist. Cuyahoga No. 101271, 2015-Ohio-1288, ¶ 13, citing *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 17 (8th Dist.). The failure to make each separate finding renders the sentence "contrary to law." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶20} This court has consistently demanded that the trial court make a separate proportionality finding beyond finding that consecutive service does not demean the seriousness of the defendant's conduct. For example, in *State v. Norris*, 8th Dist. Cuyahoga No. 102104, 2015-Ohio-2857, ¶ 29, we held a consecutive sentence was contrary to law even though the court found that no single prison term for any of the offenses adequately reflected the seriousness of the offender's conduct because the court

failed to make separate finding of proportionality. *See also State v. McGee*, 8th Dist. Cuyahoga No. 99704, 2013-Ohio-4926, ¶ 15 (same); *State v. Lebron*, 8th Dist. Cuyahoga No. 97773, 2012-Ohio-4156, ¶ 15 (same).

**{¶21}** The trial court in this case found that consecutive service did not "demean the seriousness of the crime." This finding indicates the court found that consecutive prison terms were necessary to punish Cox. R.C. 2929.14(C)(4). The trial court also noted there were two separate victims of tender age. Thus the court found that the harm caused by "two or more of the multiple offenses, committed as part of one or more courses of conduct, was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct," as required by R.C. 2929.14(C)(4)(a)-(c). *See* R.C. 2929.14(C)(4)(b).

**{¶22}** However, the court never mentioned the word "disproportionate," nor does the court use any other language to describe a finding that a consecutive sentence "fits the crime" or is "not excessive." Although the trial court is not required to recite any particular magic words when making its findings, we must be able to discern from the record that the trial court engaged in the correct analysis. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29.

**{¶23}** Cox's consecutive sentence does not "demean the seriousness" of her conduct because she was not under-punished. It is doubtful that consecutive sentences

could ever demean[1] the seriousness of the offender's conduct. As previously stated, the purpose of the proportionality finding in R.C. 2929.14(C)(4) is to prevent over-punishment. For example, in making the proportionality finding, the trial court could find that concurrent sentences *would demean* the seriousness of the offense.

{¶24} There is no way to ascertain from the court's statements whether the court considered and found that a consecutive sentence would not punish Cox excessively for her conduct. Therefore, I would find Cox's sentence to be contrary to law because the trial court failed to consider whether consecutive sentences are disproportionate to the seriousness of Cox's conduct. For this reason, I respectfully dissent.

---

[1] The word "demean" implies minimizing or lowering in status. *See* Collins Dictionary, http://collinsdictionary.com/dictionary/english/ demeaning (accessed Dec. 7, 2015).