[Cite as *State v. Mitchell*, 2016-Ohio-2632.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103232

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# KEITH MITCHELL

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-557620-A

**BEFORE:** McCormack, P.J., E.T. Gallagher, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** April 21, 2016

**ATTORNEY FOR APPELLANT**

Kelly A. Gallagher
P.O. Box 45551
Westlake, OH    44145


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Maxwell Martin
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH    44113

TIM McCORMACK, P.J.:

{¶1}   Defendant-appellant Keith Mitchell appeals from his consecutive sentences. For the reasons that follow, we affirm.

{¶2}   In February 2012, Mitchell was charged in an eight-count indictment involving two victims:  rape of Victim 1 in violation of R.C. 2907.02(A)(2), with a three-year firearm and sexually violent predator specification (Counts 1 and 2); kidnapping of Victim 1 in violation of R.C.  2905.01(A)(4) and (A)(3), with three-year firearm, sexually violent predator, and sexual motivation specifications (Counts 3 and 4, respectively); rape of Victim 2 in violation of  R.C. 2907.02(A)(2), with a sexually violent predator specification (Count 5); kidnapping of Victim 2 in violation of R.C. 2905.01(A)(4) and (A)(3), with sexually violent predator and sexual motivation specifications (Counts 6 and 7, respectively); and felonious assault of Victim 2 in violation of R.C. 2903.11(A)(1) (Count 8).

{¶3}   In May 2015, Mitchell withdrew his previously entered not guilty plea and pleaded guilty to an amended indictment.   Under the plea agreement, Mitchell pleaded guilty to amended charges (Counts 1 and 5) of gross sexual imposition in violation of R.C. 2907.05(A)(1).   In exchange for Mitchell's guilty plea on the two amended charges, the state agreed to delete the firearm and sexually violent predator specifications and requested the remaining charges be dismissed.   The court accepted Mitchell's guilty plea, found him guilty, and scheduled the matter for sentencing.   At the sentencing

hearing, the court heard statements from Mitchell, defense counsel, and the state. Thereafter, the court imposed a sentence of 12 months imprisonment on each count and ordered them to be served consecutively. The court also notified Mitchell of his reporting requirements as a Tier I sex offender and that he is subject to a mandatory five-year period of postrelease control on each count.

{¶4} Mitchell now appeals his sentence, challenging the court's imposition of consecutive sentences. Mitchell contends that the record does not support consecutive sentence findings made by the trial court. In support of his argument, Mitchell claims that the present offenses occurred in 2002 and 2005, his criminal history does not include prior allegations of sexually oriented offenses, and the present offenses allegedly involved "drug transactions and sexual favors being traded," thereby making Mitchell's offenses "less violent than other cases before the court."

{¶5} R.C. 2953.08(G)(2) provides that when reviewing felony sentences, the appellate court may overturn the imposition of consecutive sentences where the reviewing court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law." Our review of a claim that the record does not support the trial court's findings under R.C. 2929.14(C)(4) is "'extremely deferential.'" *State v. Balbi*, 8th Dist. Cuyahoga No. 102321, 2015-Ohio-4075, ¶ 5, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

**{¶6}** In Ohio, there is a presumption that prison sentences should be served concurrently, unless the trial court makes the findings outlined in R.C. 2929.14(C)(4) to justify consecutive service of the prison terms. *State v. Cox*, 8th Dist. Cuyahoga No. 102629, 2016-Ohio-20, ¶ 3; R.C. 2929.41(A). R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and that one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22.

**{¶7}** Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, "and by doing so it affords notice to the offender and to defense counsel." *Bonnell* at ¶ 29. "Findings," for these purposes, means that "'the [trial] court must note that it engaged in the analysis' and that it 'has

considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id.* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to determine that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29.

{¶8} A trial court is not, however, required to state its reasons to support its findings, nor is it required to give a rote recitation of the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Id.* at ¶ 37. And the failure to make consecutive sentence findings is contrary to law. *Balbi*, 8th Dist. Cuyahoga No. 102321, 2015-Ohio-4075, at ¶ 4.

{¶9} Here, prior to imposing a sentence, the court heard from defense counsel, who informed the court that the present offenses date back to 2002 and 2005 and were actually indicted in 2011, when Mitchell was — and is currently —  serving an 8½ years federal prison sentence. Counsel conceded that Mitchell has a lengthy criminal history and, as a "33-year-old man * * *, unfortunately, spent a good percentage of his adult life in prison." Counsel provides, however, that none of the prior offenses are sexually oriented offenses and states that the current offenses "may have had a flavor that involved drug transactions and sexual favors being traded * * * [and is] less violent than it might be in other circumstances." In further mitigation, defense counsel offered that Mitchell is remorseful, "a good, intelligent man," and he no longer wishes to engage in that previous lifestyle "where he's trying to explain away bad behavior with another bad

behavior." Mitchell offered an apology to the victims, and he expressed a desire to "mov[e] forward, living a better lifestyle."

{¶10} The state then addressed the court, noting that one of the victims is deceased and the other victim did not wish to personally address the court. The prosecutor noted, however, that the second victim "was less concerned with the amount of time [in prison Mitchell] received and more concerned with him being labeled a sex offender." Counsel further noted that the victim wished for Mitchell to accept responsibility for his crime and acknowledge that his actions were wrong. The state requested a prison sentence for Mitchell.

{¶11} Thereafter, the trial court stated that it considered the principles and purposes of sentencing and the statements from Mitchell, defense counsel, and the state. The court noted that it also considered Mitchell's "abysmal record" and concluded that consecutive sentences were necessary:

> [T]he reason I am doing this is, number one, I believe it is necessary to punish you and to protect the public. I also think consecutive sentences are necessary because there [are] two victims. I don't think you should get a discount for committing two crimes just because you're pleading guilty. And particularly, it's two different victims.
>
> So I believe there should be a sentence of prison for each victim in this matter. I also find that the harm is so great or unusual that a single term does not adequately reflect the seriousness of your conduct.
>
> These are sex offenses. And it is a horrific violation of the victims. And
>
> so I believe that's a factor as well. I also find that your criminal history
>
> shows consecutive terms are needed to protect the public.

{¶12} The court proceeded to outline Mitchell's "significant" criminal history, noting offenses that began in 2001. Mitchell's criminal conduct included aggravated burglary, burglary, drug possession, failure to comply with the order or signal of a police officer, receiving stolen property, and vandalism. The court also noted a probation violation in one matter.

{¶13} As demonstrated in the record above, in imposing consecutive sentences, the trial court noted Mitchell's "abysmal" and "significant" criminal history, outlining numerous offenses. Although defense counsel provides that the offenses presently before the court occurred more than ten years ago, the record demonstrates that Mitchell has been in a federal prison for much of the last ten years. Further, while Mitchell suggests that his offenses may be "less violent" than other crimes, the trial court emphasized that Mitchell engaged in sex offenses that were a "horrific violation" of two different victims on separate occasions. Thus, the trial court concluded that "the harm is so great or unusual that a single term does not adequately reflect the seriousness of your conduct."

{¶14} In light of the foregoing, we find that the court engaged in the correct analysis in determining whether consecutive sentences were appropriate and necessary. Additionally, we cannot clearly and convincingly find that the record does not support the trial court's findings. "And as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to

support the findings, consecutive sentences should be upheld." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29.

**{¶15}** Mitchell's sole assignment of error is overruled.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR