# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106483**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CESAR HERNANDEZ

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-620953-A

**BEFORE:** E.A. Gallagher, A.J., Blackmon, J., and Jones, J.

**RELEASED AND JOURNALIZED:** September 13, 2018

[Cite as *State v. Hernandez*, 2018-Ohio-3672.]

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Chief Public Defender
BY: Noelle A. Powell
Assistant Public Defenders
301 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Jennifer A. Driscoll
        Ronni Ducoff
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

[Cite as *State v. Hernandez*, 2018-Ohio-3672.]
EILEEN A. GALLAGHER, A.J.:

{¶1}   Defendant-appellant Cesar Hernandez appeals his sentence in the Cuyahoga County Court of Common Pleas.   For the following reasons, we affirm in part, and reverse in part.

**Facts and Procedural History**

{¶2} On August 31, 2017,   Hernandez was indicted on seven counts of rape and four counts of kidnapping.   On September 14, 2017,   Hernandez plead guilty to two counts of sexual battery, one count of abduction and one count of gross sexual imposition.   Pursuant to the plea agreement, the remaining counts in the indictment were nolled and the state stipulated that the abduction and gross sexual imposition counts were allied offenses.

{¶3} The court imposed prison terms of seven years for each count of sexual battery, three years for the count of abduction and three years for the count of gross sexual imposition.   The court ordered the prison terms for the two counts of sexual battery and the count of gross sexual imposition to be served consecutive to each other for a cumulative prison term of 17 years.

**Law and Analysis**

**I. Allied Offenses**

{¶4} We address Hernandez's first and second assignments of error together.   In his first assignment of error, Hernandez argues that the trial court erred in failing to merge his abduction and gross sexual imposition counts at sentencing.   In his second

assignment of error, he argues that his trial counsel provided ineffective assistance of counsel at sentencing for failing to object to the imposition of separate sentences on counts to which the state had stipulated to be allied offenses.

{¶5} The state concedes that the trial court erred in failing to merge the two counts at sentencing.

{¶6} Hernandez's first assignment of error is sustained and, therefore, his second assignment of error is moot.

## II. Consecutive Sentences

{¶7} In his third assignment of error, Hernandez argues that the trial court erred in imposing consecutive sentences.

{¶8} In reviewing felony sentences, this court does not review the imposition of consecutive sentences for an abuse of discretion. R.C. 2953.08(G)(2). We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶9} With respect to the imposition of consecutive sentences, as this court previously explained:

> There are two ways that a defendant can challenge consecutive sentences on appeal. First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b); *State v. Nia*, 8th Dist. Cuyahoga, 2014-Ohio-2527, ¶ 16, 15 N.E.3d 892. Second, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a); *Nia*.

*State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 7.

{¶10} In order to impose consecutive sentences, the trial court must find (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that such sentences are not disproportionate to the seriousness of the conduct and to the danger the offender poses to the public and (3) that at least one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶11} The trial court must make both the statutory findings required for consecutive sentences at the sentencing hearing and incorporate those findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

**{¶12}** In this case, Hernandez does not dispute that the trial court made all of the requisite findings under R.C. 2929.14(C)(4). Rather, he contends that the record does not support the trial court's findings. Specifically, he argues that the imposition of consecutive sentences was "not necessary to protect the public" because he is not an American citizen and faces likely deportation at the conclusion of his prison term.

**{¶13}** Both this court and other appellate districts in this state have rejected the argument that the potential deportation of a noncitizen defendant following the completion of his prison term is valid consideration under the consecutive sentencing provisions of R.C. 2929.14(C)(4). *State v. Balbi*, 8th Dist. Cuyahoga No. 102321, 2015-Ohio-4075, ¶ 10; *State v. Bautista*, 2d Dist. Clark No. 2015-CA-74, 2016-Ohio-5436, ¶ 12; *State v. Rivera*, 10th Dist. Franklin No. 14AP-460, 2015-Ohio-1731, ¶ 2-7. We explained in *Balbi*:

> Assuming the certainty of Balbi's deportation, it is not a valid reason to find that it supersedes the state's interest in punishing him and that he will not resume his activity elsewhere. Apart from the self-serving nature of the argument, any deterrence factor in his punishment would be lost.

*Balbi* at ¶ 10.

**{¶14}** To hold otherwise would undermine faith in the criminal justice system and undoubtably place members of the public at risk. For the same reason, we reject the repackaged argument by Hernandez that his incarceration in light of his potential deportation violates R.C. 2929.11(A) as an "unnecessary burden on state or local government resources."

**{¶15}** Hernandez makes no effort to assert that the facts underlying his conviction do not otherwise support the imposition of consecutive sentences under R.C. 2929.14(C)(4).

**{¶16}** Hernandez's third assignment of error is overruled.

**{¶17}** Sua sponte, we note that although the trial court made the required findings in support of its imposition of consecutive sentences at the sentencing hearing, it failed to incorporate those findings in the sentencing journal entry as required under *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

**{¶18}** A trial court's failure to incorporate statutory findings made under R.C. 2929.14(C)(4) in the sentencing journal entry after properly making those findings at the sentencing hearing is a "clerical mistake" that may be corrected by the court through a nunc pro tunc entry "to reflect what actually occurred in open court." *Id.* at ¶ 29. It "does not render the sentence contrary to law." *Id.*

**{¶19}** Accordingly, the judgment of the trial court is affirmed in part, and reversed in part. Hernandez's sentences on the counts of abduction and gross sexual imposition are vacated and the case is remanded to the trial court for appropriate merger and resentencing after the state elects under which count it wishes to proceed to sentencing under. Upon issuing a new sentencing entry, the trial court shall incorporate the findings it made in support of the imposition of consecutive sentences into the entry.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

PATRICIA A. BLACKMON, J., and
LARRY A. JONES, SR., J., CONCUR