[Cite as *State v. Townsend*, 2022-Ohio-692.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110525 |
| v. | : | |
| ALBERT TOWNSEND, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** March 10, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-614508-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Melissa Riley, Assistant Prosecuting Attorney, *for appellee*.

Michael Gordillo, *for appellant*.

LISA B. FORBES, J.:

{¶ 1} Appellant, Albert Townsend ("Townsend"), appeals the trial court's order sentencing him to 56 years to life in prison following a resentencing hearing. After reviewing the law and pertinent facts of the case, we affirm Townsend's

sentence but remand to the trial court to issue a nunc pro tunc entry consistent with this opinion.

## I. Facts and Procedural History

{¶ 2} Townsend was charged in a 16-count indictment following the sexual assaults of three separate victims between January 20, 2003, and November 27, 2006. The case proceeded to a jury trial where the evidence demonstrated that Jane Doe I was a 17-year-old high school senior when Townsend abducted her while she was walking to her brother's house. Townsend took her to his home and raped her. A rape-kit examination was performed on Jane Doe I, and Townsend's DNA was recovered. Townsend denied raping Jane Doe I claiming, "I did not assault [Jane Doe I] at all. Don't know [Jane Doe I] and * * * [s]he don't know me."

{¶ 3} Jane Doe II was 13 years old at the time of the attack and was the daughter of one of Townsend's friends. She testified that Townsend broke into her home, claimed to have a gun, and raped her. As a result of the attack, Jane Doe II became pregnant. Jane Doe II terminated the pregnancy. Townsend's DNA matched the DNA of the fetus. Townsend denied ever having sexual intercourse with Jane Doe II.

{¶ 4} Jane Doe III, a 17 year old, lived with Townsend and his wife when he raped her. Like the other two victims, Townsend denied ever having sexual contact with Jane Doe III.

{¶ 5} Following the jury trial, Townsend was found guilty of:

five counts of rape, two counts of kidnapping with sexual motivation specifications, and one count each of complicity to commit rape,

attempted rape, and gross sexual imposition. The rape, complicity, attempted rape and gross sexual imposition convictions were accompanied by findings that Townsend is a sexually violent predator.

*State v. Townsend*, 8th Dist. Cuyahoga No. 107186, 2019-Ohio-1134, ¶ 14 ("*Townsend I*").

{¶ 6} At a separate sentencing hearing, "the court merged Count 12 with Count 9 and sentenced Townsend as follows: Counts 1, 2, 3, 7, and 11, five years to life in prison; Counts 9, 13, and 14, 10 years to life in prison; and Count 15, one year in prison. The court ordered all sentences to run consecutive for a total of 56 years to life in prison and classified Townsend as a sexual predator." *Id.* at ¶ 15.

{¶ 7} Townsend appealed his convictions and sentences. On appeal, this court found that the trial court erred in sentencing Townsend to sexually violent predator specifications for the crimes against Jane Doe I and Jane Doe II and remanded to the trial court for resentencing on Counts 1, 2, 3, 7, 9, 11, and 12.[1] *Id.* at ¶ 67.

{¶ 8} At the resentencing hearing the trial court found that "consecutive terms are necessary to protect the public." The court explained,

> [Townsend ] is a serial rapist. He has raped three separate women. Three different incidents. So obviously, his criminal history shows that consecutive terms are necessary to protect the public, and obviously the harm he has had to the community * * * is so great that a single term would not reflect the seriousness of his conduct, and it would demean the significance of his conviction.

---

[1] In *Townsend I*, this court also remanded Count 10 to be resentenced; however, Townsend was found not guilty and was not sentenced on that count.

**{¶ 9}** The trial court continued, "the harm he has created is so great and unusual that a single term would not adequately reflect the seriousness of the conduct" and "the amount of victims." Though Townsend's sentence would include a life tail for the crimes committed against Jane Doe III,[2] the court noted that if it were to sentence the current counts to run concurrently to that sentence it would "[demean] the seriousness of the offense * * *." Additionally, the court found "this defendant has a very substantial troubling violent criminal record. He has been indicted nine times in Cuyahoga County, if I'm not mistaken. I believe he's been convicted eight times." The court noted that two of those convictions were aggravated robberies.

**{¶ 10}** The trial court merged Counts 9 and 12 and sentenced Townsend to five years in prison on Counts 1, 2, 3, 7, and 11. Townsend was sentenced to ten years in prison on Count 9. Each count was sentenced consecutively, for a total of 35 years in prison. Further, Townsend's 35-year prison sentence was ordered to run consecutively to the 21 years to life prison sentence for the crimes committed against Jane Doe III that were not subject to resentencing. In total, Townsend was sentenced to 56 years to life in prison.

## II. Law and Analysis

**{¶ 11}** In his sole assignment of error, Townsend challenges the trial court's imposition of consecutive sentences, arguing his "sentence is excessive, contrary to

---

[2] Townsend's sentence for crimes committed against Jane Doe III of 21 years to life are not at issue in this appeal.

law, and violates due process because the trial court imposed consecutive terms not supported by the record or the requisite statutory findings." We disagree.

{¶ 12} To impose consecutive prison sentences the court must make three findings: first, the court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender." R.C. 2929.14(C)(4). Next, the court must find "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶ 13} To make the requisite statutory findings, "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). The trial court must "incorporate its

findings into its sentencing entry." *Bonnell* at ¶ 37. The trial court is not required to make a "talismanic incantation of the words of the statute." *Id.*

{¶ 14} R.C. 2953.08(G)(2), which guides our review of consecutive felony sentences, "compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under * * * (C)(4) of section 2929.14[.]" *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *see also State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 28; *State v. Roberts*, 2017-Ohio-9014, 101 N.E.3d 1067, ¶ 10 (8th Dist.) ("[i]f the court made the required findings in order to impose consecutive sentences, we must affirm those sentences unless we 'clearly and convincingly' find that the record does not support the court's findings," quoting R.C. 2953.08(G)(2)); *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 19 (8th Dist.).

> The statute is written in the negative; that is, an appellate court does not need to clearly and convincingly find that the record supports the findings in order to affirm, but instead must clearly and convincingly find that the record does not support the findings in order to reverse or modify a sentence.

*Roberts* at ¶ 10.

{¶ 15} Townsend argues that the trial court's findings at the resentencing hearing are insufficient because (1) there are no "findings with respect to proportionality of the consecutive sentences to the offender's conduct and the threat he or she poses to society," and (2) "the record clearly and convincingly does not

support the trial courts alleged finding that consecutive sentences were necessary for the public's protection or to punish the offender."

{¶ 16} We disagree with Townsend that there were no findings with respect to the proportionality of consecutive sentences and Townsend's conduct. This court has upheld the imposition of consecutive sentences when "'[t]he trial court's statements on the record indicate that it considered proportionality both with regard to the seriousness of [the defendant's] conduct and the danger he poses to the public.'" *State v. McGowan*, 8th Dist. Cuyahoga No. 105806, 2018-Ohio-2930, ¶ 20, citing *State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, ¶ 34 (8th Dist.). Further, the Ohio Supreme Court held in *Bonnell* that when a trial court imposes consecutive sentences "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29. *See also State v. Wilson*, 8th Dist. Cuyahoga No. 107313, 2019-Ohio-1245, ¶ 18 (Upholding the imposition of consecutive sentences when the reviewing court could discern from the record that the trial court engaged in the proper analysis without the use of the exact statutory language).

{¶ 17} While the trial court did not explicitly mention the word "proportionality" or specifically address the "threat" that Townsend posed, the totality of the court's statements demonstrate that it did make findings regarding

both. The trial court explicitly stated that because Townsend had been found guilty of sexually assaulting three separate women on three separate occasions, his conduct demonstrated a need to protect the public through the imposition of consecutive prison sentences. We can discern from the record that the court found consecutive sentences were not disproportionate to the danger Townsend posed to the public.

{¶ 18} Townsend further argues that the record does not support the trial court's finding that consecutive sentences are necessary to protect the public or to punish him when he was already subject to a sentence of 21 years to life in prison for the crimes committed against Jane Doe III. We do not find this argument compelling.

{¶ 19} In support of his argument, Townsend highlights the trial court's statement that it was "extremely doubtful" that Townsend would be released from prison after serving his sentence of 21 years to life. However, this reliance is misplaced. The court made the foregoing statement when it was advising Townsend, a 54-year-old man at the time of resentencing, about his possibility of parole *after* he served 56 years in prison. The court did not make the statement in connection to Townsend's likelihood of release after serving his sentence of 21 years to life.

{¶ 20} Further, the record is clear that Townsend sexually assaulted three women on three different occasions. His relationship and manner of choosing those victims was different each time. Jane Doe I was a woman he abducted before

sexually assaulting her. Jane Doe II was a 13-year-old girl who was the daughter of one of Townsend's friends. Jane Doe III was a 17-year-old woman who lived with Townsend and his wife when he sexually assaulted her. The sentencing court found these facts significant and noted the court's concern with Townsend's multiple sexual assaults on various victims at sentencing. The court also commented on Townsend's history of prior indictments and convictions, including at least two violent felonies. Therefore, we cannot say that because Townsend was already serving 21 years to life in prison for the sexual assault of Jane Doe III the record clearly and convincingly does not support the court's findings and decision to impose consecutive sentences.

{¶ 21} However, upon review of the resentencing journal entry, it is apparent that the trial court did not incorporate into the journal entry the requisite statutory findings it made at the resentencing hearing in support of consecutive sentences. The journal entry simply states, "court placed on the record 2929.14(E)(4) in regards to consecutive sentence." We note at the outset that R.C. 2929.14(E)(4) does not relate to consecutive sentences. The state asserts that this was simply a clerical error, and the court is referencing R.C. 2929.14(C)(4), which does relate to consecutive sentences. Notwithstanding, the court did not incorporate any of its findings into the journal entry, and the mention of R.C. 2929.14(C)(4) does not satisfy the requirements. *Bonnell*, 140 Ohio St.3d 209, at syllabus. However, because the trial court did, in fact, make the required findings at Townsend's April 2021 resentencing hearing, the journal entry may be corrected

through a nunc pro tunc entry. *See State v. Hernandez*, 8th Dist. Cuyahoga No. 106483, 2018-Ohio-3672, ¶ 18.

**{¶ 22}** We do not find that Townsend's sentence is contrary to law, nor do we find that the trial court's findings are unsupported by the record. Having found no merit to his arguments, Townsend's assignment of error is overruled. However, this case is remanded to the trial court for the limited purpose of reflecting its findings supporting the imposition of consecutive sentences in its journal entry.

**{¶ 23}** Judgment affirmed and remanded to the trial court for the limited purpose of incorporating its findings to support the imposition of consecutive sentences into its journal entry.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN T. GALLAGHER, J., CONCUR